IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES ALLEN WALLACE,

                Plaintiff,                              ORDER

    v.                                                         13-cv-507-bbc

SARAH COOPER and THOMAS ROSS,

                Defendants.

---

      In response to this court's July 22, 2013, order, plaintiff has submitted a certified copy of his six-month trust fund account statement so that I can determine whether he qualifies for indigent status and, if he does, calculate an initial partial payment of the $350 fee for filing this case. With the exception of habeas corpus proceedings, the fee for civil actions filed after May 1, 2013 is $400 unless a litigant qualifies as indigent under the federal *in forma pauperis* statute, 28 U.S.C. § 1915(a), in which case the fee is $350. In determining whether a prisoner litigant qualifies for indigent status this court applies the formula set forth in 28 U.S.C. § 1915(b)(1). According to this formula, a prisoner requesting leave to proceed *in forma pauperis* must prepay 20% of the greater of the average monthly balance or the average monthly deposits made to his prison account in the six-month period immediately preceding the filing of the complaint.

      From plaintiff's trust fund account statement, I conclude that he qualifies for indigent status. Further, I assess plaintiff an initial partial payment of the $350 fee for filing his complaint in the amount of $6.27. If plaintiff does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount

plaintiff must pay at this time is the $6.27 initial partial payment. Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send plaintiff's initial partial payment to this court.

On July 29, 2013, plaintiff filed a motion for extension of time to submit his six-month trust fund account. *See* dkt. 5. However, on August 2, 2013, the clerk's office received plaintiff's trust fund account statement. *See* dkt. 6. Accordingly, plaintiff's motion will be denied as moot.

## ORDER

IT IS ORDERED that:

1. Plaintiff James Wallace is assessed $6.27 as an initial partial payment of the $350 fee for filing this case. He is to submit a check or money order made payable to the clerk of court in the amount of $6.27 on or before August 26, 2013. If, by August 26, 2013, plaintiff fails to make the initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily. In that event, the clerk of court is directed to close this file without prejudice to plaintiff's filing his case at a later date.

2. Plaintiff's motion for extension of time to file his trust fund account statement, dkt. 5, is DENIED as moot.

Entered this 5th day of August, 2013.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge