IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES ALLEN WALLACE,

                                        OPINION and ORDER

                Plaintiff,

                                           13-cv-507-bbc

   v.

SARAH COOPER and THOMAS ROSS,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff James Wallace, a prisoner currently housed at the Wisconsin Resource Center, has filed a lawsuit alleging that prison staff confiscated his legal documents, which led to the denial of his right to access the courts in later proceedings. Plaintiff is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915, and has made his initial partial payment as required by § 1915(b)(1).

Because plaintiff is a prisoner, I am required by the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 & 1915A. In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Luevano v. Wal–Mart Stores, Inc., 722 F.3d 1014, 1027 (7th Cir. 2013); see also Haines v. Kerner, 404 U.S. 519, 521 (1972). After reviewing the complaint,

1

I conclude that plaintiff cannot proceed against defendants at this time because his complaint does not provide enough information about the status of his current cases and what injury he has suffered from the confiscation of documents. Plaintiff will be given a chance to submit an amended complaint more fully detailing his claims.

In his complaint, plaintiff alleges the following facts.

ALLEGATIONS OF FACT

Although plaintiff James Wallace is incarcerated at the Wisconsin Resource Center, the relevant events occurred while plaintiff was being held in segregation at the Green Bay Correctional Institution. On August 8, 2012, plaintiff was ordered to vacate his cell to allow for a search of the cell. Initially, correctional officers confiscated all of plaintiff's legal documents. Plaintiff was told that certain items—medical records listing telephone numbers and addresses of the "victim and her relatives"—would be permanently confiscated. (I understand plaintiff to be referring to the victim of one of the crimes for which he was incarcerated.)

Plaintiff has repeatedly asked defendant Thomas Ross (whom I understand plaintiff to be referring to as a "property supervisor") to give him back these documents with the private information "whited-out" or otherwise redacted, but Ross will not do this. Plaintiff states that defendants (Ross and Green Bay Correctional Institution Warden Sarah Cooper) "continue to hinder & impede, postconviction efforts of plaintiff in both state and federal appeals court." In documents attached to his complaint, plaintiff refers to Wisconsin Court

of Appeals Case No. 2102AP1893-CR and a federal case in the Eastern District of Wisconsin (the documents plaintiff attaches do not contain a case number, and a search of the federal PACER online database does not disclose any Eastern District case).

OPINION

Fed. R. Civ. P. 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." See also In re marchFIRST Inc., 589 F.3d 901, 905 (7th Cir. 2009) ("The plaintiff must plead some facts that suggest a right to relief that is beyond the 'speculative level.'") (quoting Equal Employment Opportunity Commission v. Concentra Health Services, Inc., 496 F.3d 773, 777). Plaintiff has a constitutional right to "meaningful access to the courts" for the purpose of challenging his confinement or the conditions of his confinement. Bounds v. Smith, 430 U.S. 817, 821-22 (1977). However, to state a claim for denial of the right of access to the courts, plaintiff must allege that the defendants engaged in conduct that caused him "actual injury," which means it caused him to lose a lawsuit or chance to sue on a non-frivolous argument. Lewis v. Casey, 518 U.S. 343, 350-54 (1996); Christopher v. Harbury, 536 U.S. 403, 413-14 (2002).

From the allegations plaintiff has stated, I cannot understand the basis for his claims and what "actual injury" he has suffered. Plaintiff does not explain whether it is the total confiscation of his legal materials or just the confiscation of materials containing information about the victim that is hampering his litigation efforts; it is unclear whether any of his materials have been returned or for what purpose plaintiff needs the documents with victim

information. Plaintiff does not say that he was unable to file a complaint, that he missed a filing deadline or that any of his claims were dismissed as a result of defendants' conduct. He does not explain what role defendant Warden Cooper has played in confiscating plaintiff's documents. A review of plaintiff's ongoing cases is not particularly helpful, as a review of the electronic Wisconsin Court of Appeals docket shows that his attorney has able to file briefs in his state court appeal, and there is no record of any federal case that has been terminated prematurely.

Given these problems, I conclude that plaintiff's current allegations do not provide sufficient detail to suggest that he may proceed with his claims. Accordingly, I will dismiss plaintiff's complaint and give him a chance to file an amended complaint repeating his allegations and adding more information about the status of his state and federal cases and what "actual injury" he has suffered. E.g., Luevano, 722 F.3d at 1024 ("[In forma pauperis] applicants whose complaints are dismissed . . . should be granted leave to amend at least once in all cases in which Rule 15(a) would permit leave to amend."). In particular, plaintiff needs to explain what deprivation is hampering his litigation (the confiscation of all legal materials or just the confiscation of materials with the victim's personal information), how that deprivation is harming him (what cases or motions he has been unable to bring because of the deprivation and why the confiscated material is necessary) and how each defendant is personally involved in depriving him of the relevant materials.

ORDER

IT IS ORDERED that plaintiff James Wallace's complaint is DISMISSED WITHOUT PREJUDICE to his filing an amended complaint that addresses the problems discussed in this order with respect to his claims for denial of his right to access the courts. Plaintiff may have until October 9, 2013, to file an amended complaint. If he fails to respond by that date, I will dismiss the case with prejudice and issue a strike under 28 U.S.C. § 1915(g).

Entered this 18th day of September, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge