IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES ALLEN WALLACE,

                                                      ORDER

             Plaintiff,

                                               13-cv-507-bbc

   v.

SARAH COOPER and THOMAS ROSS,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff James Wallace, a prisoner housed at the Green Bay Correctional Institution, has filed a lawsuit, alleging that prison staff confiscated his legal documents, which led to the denial of his right to obtain access to the courts in later proceedings. In a September 18, 2013 order, I dismissed plaintiff's complaint under Fed. R. Civ. P. 8 because it did not provide enough information about the status of his current cases and what injury he has suffered from the confiscation of documents. I gave plaintiff until October 9, 2013, to file an amended complaint.

Rather than file an amended complaint as directed by the court, plaintiff has filed a motion for appointment of counsel and several letters. Additionally, plaintiff filed two motions before entry of the September 18, 2013 order—another motion for appointment of counsel and a motion for an evidentiary hearing—that I conclude are appropriate to consider at this time.

1

First, regarding plaintiff's motions for appointment of counsel, the court has no statutory authority to "appoint" a lawyer to represent a particular litigant, Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007), so I am construing his motion as one seeking court assistance in recruiting counsel under 28 U.S.C. § 1915(e)(1). Before a district court can consider such motions, it must first find that the plaintiff has made reasonable efforts to find a lawyer on his own and that were unsuccessful or that he was prevented from making such efforts. Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992). To prove that he has made reasonable efforts to find a lawyer, plaintiff must submit letters from at least three lawyers who he asked to represent him in this case and who turned him down. In his motion, plaintiff ask for two particular attorneys to represent him, including one who, based on other materials plaintiff has filed, was apparently his lawyer in his criminal proceedings. However, plaintiff does not explain whether he has written these or any other attorneys about representing him in this case, which is enough reason to deny his motions.

Even if plaintiff had complied with Jackson, he has not shown that appointment of counsel is necessary in this case. Ideally, every deserving litigant would be represented by counsel, but, unfortunately, the number of pro se litigants who file lawsuits in this district vastly outnumbers the lawyers who are willing and able to provide representation. For this reason, assistance in recruiting counsel is appropriate only when the plaintiff demonstrates that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. Pruitt, 503 F.3d at 654-55 (7th Cir. 2007). In this case, it is too early to make that determination. All plaintiff

has to do at this point is submit an amended complaint providing more information about how the alleged confiscation of his legal documents has affected his ongoing cases. Plaintiff has given the court no reason to think that he is incapable of doing this. Therefore, I will deny his motions for the court's assistance in recruiting counsel.

Also, plaintiff has submitted a motion asking the court to hold an evidentiary hearing at which the judge in plaintiff's earlier criminal case could testify. Similarly to his motions for help in recruiting counsel, there is simply no reason to grant plaintiff's motion at this point because plaintiff has not yet even been allowed to proceed on any claims. The task at hand is for plaintiff to amend his complaint. Even if he chooses to renew this motion later in the proceeding, he should know that it is highly unlikely that the court would hold an evidentiary hearing prior to trial unless plaintiff could explain why it is necessary and even more unlikely that it would compel a state court judge to give testimony. Nothing in plaintiff's current motion provides such an explanation.

I will give plaintiff a new deadline to file his amended complaint. In doing so, plaintiff should include all of the allegations contained in his original complaint (a copy of which I will attach to the order) as well as an explanation of the court cases he is litigating and how he will be harmed in those cases by the confiscation of his materials.

ORDER

IT IS ORDERED that

1. Plaintiff James Wallace's motions for the court's assistance in recruiting counsel,

dkt. #2, 15, are DENIED without prejudice.

2. Plaintiff's motion for evidentiary hearing, dkt. #11, is DENIED.

3. Plaintiff may have until November 22, 2013 to file an amended complaint providing further explanation of the ways he is harmed by confiscation of his legal materials. If he fails to respond by that date, I will dismiss the case with prejudice and issue a strike under 28 U.S.C. § 1915(g).

Entered this 7th day of November, 2013.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge