IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES ALLEN WALLACE,

                                                            OPINION AND ORDER

               Plaintiff,

                                                            13-cv-507-bbc

     v.

SARAH COOPER and THOMAS ROSS,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff James Wallace, a prisoner housed at the Green Bay Correctional Institution, has filed this lawsuit, alleging that prison staff confiscated his legal documents, which led to the denial of his right to obtain access to the courts in later proceedings.  In a September 18, 2013 order, I dismissed plaintiff's complaint under Fed. R. Civ. P. 8 because it did not provide enough information about the status of his current cases and what injury he has suffered from the confiscation of documents.  Plaintiff responded to that order by filing a motion for the court's assistance in recruiting him counsel, which I denied in a November 7, 2013 order.  I gave plaintiff a new deadline to file his amended complaint.

      Now plaintiff has filed his amended complaint, dkt. #18, a supplement to that complaint, dkt. #19, and a renewed motion for appointment of counsel, dkt. #20.  In his amended complaint, plaintiff states that the confiscation of his documents kept him from "help[ing] myself or help[ing] my lawyer so that he would be able to come up with a legal

1

understanding on how my rights [were] violated and show that the judge was very bias[ed] in my case." Plaintiff refers to Wisconsin Court of Appeals Case No. 2102AP1893-CR as the case in which he has been harmed by the confiscation of materials.

To state a claim for denial of the right of access to the courts, plaintiff must allege that the defendants engaged in conduct that caused him "actual injury," which means it caused him to lose a lawsuit or chance to sue on a non-frivolous argument. Lewis v. Casey, 518 U.S. 343, 350-54 (1996); Christopher v. Harbury, 536 U.S. 403, 413-14 (2002). In Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006), the court explained that "[t]he requirement that prisoners making access-to-courts claims allege specific prejudice should not be understood as an onerous fact-pleading burden; it is simply a requirement that a prisoner's complaint spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions."

After considering his amended complaint and supplement, I conclude that plaintiff fails to meet even this relatively low standard. His assertion about being unable to help his attorney with his case is extremely vague and his more precise allegation that he was unable to show that the judge was biased against him is unsupported. Plaintiff does not explain what documents show this, and in any case, it is difficult to conceive of any court documents showing judicial bias that plaintiff would have that his counsel would not have been able to acquire through other means. Moreover, it is unclear how plaintiff could have been prejudiced when his counsel was able to file detailed briefs with the court of appeals and

plaintiff's petition for review has not yet been decided by the Wisconsin Supreme Court. In short, there is nothing in any of the complaints plaintiff has filed that suggest that he has a plausible claim of having been denied access to the courts. At most, plaintiff's claims are only at the level of speculation, which is not sufficient to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Atkins v. City of Chicago, 631 F.3d 823, 830-32 (7th Cir. 2011) (to avoid dismissal, a plaintiff "must plead some facts that suggest a right to relief that is beyond the speculative level").

Usually, plaintiff's repeated failure to state a claim upon which relief may be granted would lead me to dismiss the case in its entirely. However, plaintiff has filed a motion for the court's assistance in recruiting him counsel. In very rare cases I may attempt to locate counsel for a plaintiff who seems incapable of producing an understandable complaint setting forth proper claims. After considering plaintiff's submissions and motion for counsel, I conclude that, for two reasons, this is not one of those rare cases in which counsel is appropriate at this stage of the proceedings.

First, before a district court can consider a motion for assistance in locating counsel, it must first find that the plaintiff has made reasonable efforts to find a lawyer on his own that were unsuccessful or that he was prevented from making such efforts. Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992). To prove that he has made reasonable efforts to find a lawyer, plaintiff must submit letters from at least three lawyers whom he asked to represent him in this case and who turned him down. In his motion, plaintiff submits one such letter and suggests that another attorney will not take his case, which does

not meet the court's usual standard.

Second, plaintiff has not shown that the assistance of counsel is necessary in this case. Ideally, every deserving litigant would be represented by counsel, but, unfortunately, the number of pro se litigants who file lawsuits in this district vastly outnumber the lawyers who are willing and able to provide representation. For this reason, assistance in recruiting counsel is appropriate only when the plaintiff demonstrates that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. Pruitt, 503 F.3d at 654-55 (7th Cir. 2007). There is no reason to believe that plaintiff is incapable of submitting a proper complaint. Rather, the problem with this particular case is that plaintiff cannot state a plausible access to the courts claim, particularly because the proceedings in which he believes he has been prejudiced are ongoing, with the assistance of counsel. As stated above, plaintiff's claim rests on his speculation that he would have been able to assist his lawyer in those proceedings, but this is not sufficient to state a claim. Moreover, there is no reason to think that locating counsel or giving plaintiff further chances to amend his complaint would lead to a different result. Accordingly, I will deny plaintiff's motion for the court's assistance in recruiting him counsel and dismiss the case for his failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that

1. Plaintiff James Wallace's motion for the court's assistance in recruiting counsel,

dkt. #20, is DENIED.

2.  This case is DISMISSED for plaintiff's failure to state a claim upon which relief may be granted.

3.  A strike will be recorded in accordance with 28 U.S.C. § 1915(g).

4. Plaintiff is obligated to pay the unpaid balance of his filing fees in monthly payments as described in 28 U.S.C. § 1915(b)(2). The clerk of court is directed to send a letter to the warden of plaintiff's institution informing the warden of the obligation under Lucien v. DeTella, 141 F.3d 773 (7th Cir. 1998), to deduct payments from plaintiff's trust fund account until the filing fees have been paid in full.

5.  The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 7th day of January, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

5