IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES ALLEN WALLACE,

                                             ORDER

                Plaintiff,

                                  13-cv-507-bbc

        v.

SARAH COOPER and THOMAS ROSS,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff James Wallace, a prisoner housed at the Green Bay Correctional Institution, filed this lawsuit alleging that prison staff confiscated his legal documents, which led to the denial of his right to gain access to the courts in later proceedings.  In a January 7, 2014 order, I dismissed the case for plaintiff's failure to state a claim upon which relief may be granted, stating as follows:

> [Plaintiff's] assertion about being unable to help his attorney with his case is extremely vague and his more precise allegation that he was unable to show that the judge was biased against him is unsupported.  Plaintiff does not explain what documents show this, and in any case, it is difficult to conceive of any court documents showing judicial bias that plaintiff would have that his counsel would not have been able to acquire through other means.  Moreover, it is unclear how plaintiff could have been prejudiced when his counsel was able to file detailed briefs with the court of appeals and plaintiff's petition for review has not yet been decided by the Wisconsin Supreme Court.  In short, there is nothing in any of the complaints plaintiff has filed that suggest that he has a plausible claim of having been denied access to the courts.  At most, plaintiff's claims are only at the level of speculation, which is not sufficient to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Atkins v. City of Chicago, 631 F.3d 823, 830-32 (7th Cir. 2011) (to avoid dismissal,

1

a plaintiff "must plead some facts that suggest a right to relief that is beyond the speculative level").

Dkt. #21.  Judgment was entered the same day, dkt. #22.  Now plaintiff has filed a motion for reconsideration of this decision (along with two supplements to that motion), which I construe as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59.

Plaintiff says that it will cost him money to get back the documents that prison staff has taken, and that he and his new attorney will use those documents to "come up with some answer about my case."  This statement is no more persuasive than his previous arguments, as it again demonstrates that plaintiff is merely speculating that he would be able to find success in his criminal proceedings with these documents or than he has been prejudiced by not having them in previous proceedings.  Because nothing in his motion or supplements persuades me that it was error to dismiss the case, I will deny his motion to alter or amend the January 7 judgment.

ORDER

IT IS ORDERED that plaintiff James Wallace's motion to alter or amend the January 7, 2014 judgment in this case, dkt. #24, is DENIED.

Entered this 20th day of March, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge